UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STEVEN BOCKLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:09-CV-827-WTL-JMS |
| | ) |
| R. J. McGOUGH & ASSOCIATES, INC., | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

**I.      INTRODUCTION**

In response to Plaintiff's Complaint for unpaid over-time in violation of the FLSA, Defendant filed a Motion to Dismiss that is really a combination of a motion to dismiss or alternatively a motion for a more definite statement and a motion for summary judgment based on the two year statute of limitations for negligent violations of the FLSA.  Defendant's Motion to Dismiss is nothing more than an attempt to circumvent the discovery process and is an attempt by the Defendant to further avoid its obligation to pay overtime to its employees as required by the FLSA.

On July 6, 2009, Plaintiff, Steven Bockler ("Bockler"), on his behalf and on behalf of others similarly situated filed an action against the Defendant, R.J. McGough & Associates, Inc. ("McGough" or "Defendant") for unpaid overtime in violation of the Fair Labor Standards Act ("FLSA").  On August 28, 2009, Defendant filed its Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) asserting that: 1. Bockler

does not allege sufficient facts to maintain an action for a willful violation of the FLSA; and 2. Bockler's claim is therefore barred by the applicable two year statute of limitations.  Defendant's Motion is flawed in several respects and must be denied by the Court.

First, Defendant's Motion should be denied because Bockler's Complaint complies with the "short and plain statement of the claim" requirement of Federal Rule of Civil Procedure 8(a)(2).  Bockler's Complaint clearly put Defendant on notice that it is being sued for failure to pay over-time in violation of the FLSA, that the claim is brought as a collective action on behalf of Bockler and similarly situated employees, and that Bockler's alleges that Defendant acted willfully in failing to pay its employees in accordance with the law thereby invoking the three year statute of limitations.

Second, in an attempt to establish that Bockler's claim would be bared if the Court applied the two year statute of limitations, Defendant improperly relies on material outside of the pleadings by submitting the Affidavit of Richard J. McGough, which contradicts the allegations contained in Bockler's Complaint.[1]  Pursuant to Federal Rule of Civil Procedure 12(d) the Court must either disregard the affidavit or convert Defendant's Motion to a motion for summary judgment.  This argument is obviously moot if the Court concludes that Bockler's Complaint adequately states a claim for a willful violation of the FLSA.  However, in the event the Court concludes that the Complaint does not adequately state a claim for a willful violation dismissal with

---

[1] Bockler alleges that he was employed with McGough from October 1999 to July 2007. (Complaint, ¶8). The McGough Affidavit alleges that Bockler was employed from 1999 to June 2007. (McGough Aff., ¶3). Thus, even if the Court at some later date, after sufficient discovery is conducted, determines that the facts of this case do not support a claim for a willful violation of the FLSA, it appears there may be an issue of fact as to when Bockler's employment with McGough ended that may prevent summary judgment even if the two years statute of limitations is ultimately applied.

2

prejudice is unwarranted.  As Defendant suggests, if Bockler is required to plead his claim for a willful violation with specificity he should be permitted to amend his Complaint to do so.

## II.     RELEVANT FACTUAL ALLEGATIONS FROM THE COMPLAINT

Bockler was employed by Defendant as a field investigator from approximately October 1999 to July 2007.  (Complaint, ¶8).  During this time period, Bockler regularly and routinely worked in excess of 40 hours per week.  (Complaint, ¶8).  During this time period, Defendant failed to pay Bockler one and one-half times his regular rate of pay for overtime hours as required under the FLSA, 29 USC § 207(A)(1).  (Complaint, ¶8).  During the relevant time period, Defendant misclassified all field investigators as exempt employees under the FLSA.  (Complaint, ¶11).  Defendant knowingly, willfully, or with reckless disregard, carried out its illegal pattern or practice of failing to pay at least one and one-half times the regular rate of pay for all overtime hours with respect to Bockler.  (Complaint, ¶15).

## III.    STANDARD FOR A MOTION TO DISMISS UNDER RULE 12(b)(6)

In ruling on a motion to dismiss under Rule 12(b)(6), the Court views the complaint in the light most favorable to the plaintiff, accepting all well-pleaded allegations as true and drawing all reasonable inferences in favor of the plaintiff. *Marshall-Mosby v. Corporate Receivables, Inc.,* 205 F.3d 323, 326 (7th Cir. 2000).  The Court will dismiss a complaint for failure to state a claim only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief.  *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).  When deciding a motion to dismiss under Rule 12(b)(6), the issue is not whether

3

plaintiffs have submitted "competent proof" or even are likely to prevail upon the evidence. *Roe I v. Bridgestone Corp.*, 492 F.Supp.2d 988, 1006 (S.D. Ind. 2007). The focus is on the sufficiency of the pleading in the Complaint. *Id.* Normally, in deciding a motion to dismiss, the Court may not consider matters outside the pleadings, like affidavits and other materials. *See* Fed.R.Civ.P. 12(b).

### IV.    ARGUMENT

**A.    Bockler's Complaint Satisfies the Requirements of Notice Pleading.**

Under notice pleading "it is not necessary to plead facts matching elements of legal theories." *Christensen v. County of Boone, IL,* 483 F.3d 454, 466 (7th Cir. 2007). Federal Rule of Civil Procedure 8 does not require that a Complaint "contain all the facts that would be necessary to prevail." *Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003). The Complaint "should be 'short and plain' and suffices if it notifies the defendant of the principle events." *Id.* (quoting Fed.R.Civ.P. 8(a)(2)).

Here, Bockler's Complaint clearly alleges that from October 1999 to July 2007 Bockler routinely worked in excess of forty hours per week and that Defendant violated the FLSA by failing to pay Bockler one and one half times his regular rate of pay for overtime hours. (Complaint, ¶8). Bockler further plainly alleges that McGough acted willfully in failing to pay Bockler and other similarly situated employees at least one and one-half times their regular rate of pay for all overtime hours. (Complaint ¶¶15-16).

A review of Defendant's Motion to Dismiss makes it abundantly clear that Defendant is aware of the principle events giving rise to Bockler's claims. Defendant understands that this is an action for unpaid overtime and understands that Bockler alleges that Defendant acted knowingly, willfully, or with reckless disregard for the rights

of Bockler and similarly situated employees, thereby invoking the FLSA's three year statute of limitations. This is all that is required under notice pleading.

Rather than filing an Answer to Bockler's Complaint and requesting through the discovery process the specific facts supporting Bockler's claim, Defendant argues that Bockler was required to plead with specificity the facts supporting his claim that McGough's violation of the FLSA was willful. Defendant argues that the rule set forth if Federal Rule of Civil Procedure 9, that allegations of fraud must be plead with specificity, somehow applies to allegations of willfulness. Specifically, Defendant states:

> As there is a higher standard of pleading "fraud," no less should be required for "willfulness," for, like "fraud," it suggests conduct that is underhanded and devious. It should not be permissible to invoke "willfulness" casually, for any purpose, including as a means of enlarging the limitations period.

(Defendant's Brief in Support of Motion to Dismiss, p. 6). However, Defendant cites absolutely no authority for this proposition, because no such authority exists. In fact, Federal Rule 9(b) seems to specifically reject Defendant's argument, providing, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." The terms "malicious," "intentional," and "knowingly" are all terms used to define "willful." Black's Law Dictionary, Sixth Ed. (1891-1991). Accordingly, Bockler has generally plead allegations sufficient to put Defendant on notice of the principle events giving rise to Bockler's claims and to invoke the three year statute of limitations for purposes of Defendant's Motion to Dismiss.

**B.     The Determination of whether an Employer's Violation of the FLSA is Willful or Merely Negligent is a Fact Sensitive Inquiry that is Rarely Appropriate for Summary Judgment, much less a Motion to Dismiss.**

The Seventh Circuit has explained that "[a]n employer acts willfully, for purposes

5

of establishing the proper statute of limitations, where he knows or shows reckless disregard for whether his actions are unlawful under the FLSA." *Bankston v. State of Illinois,* 60 F.3d 1249, 1253 (7th Cir.1995) (citing *McLaughlin v. Richland Shoe Co.,* 486 U.S. 128, 133 (1988)).  However, whether the two- or three-year statute of limitations applies is a question of fact.  *Id.*

In *Olson v. Statewide Transfer Ambulance & Rescue, Inc.*, 2005 WL 2373870 (September 23, 2005 S.D. Ind.), this Court recognized the fact-sensitive nature of this inquiry.  In response to a motion for summary judgment by an employer on this issue of whether the employer's violation was willful this Court stated:

> While [the employer] claims that it honestly believed a professional exemption applied and Olson offers little to counter that notion, the question of a party's intent and the reasonableness of its conduct are rarely issues that can be decided as a matter of law.  Consequently, passing judgment on the issue of when the statute of limitations is properly applied in this case is inappropriate at this time.

*Id.* at *3.

Defendant hopes to circumvent the discovery process and have the Court rule without the benefit of any discovery whatsoever that the two year statute of limitations applies and that Bockler's Complaint is time-barred.  However, as set forth previously, Bockler's Complaint sufficiently states a cause of action for a willful violation of the FLSA.  Only after discovery is conducted by the parties will the Court be in a position to consider the fact-sensitive issue of whether Defendant's violation of the FLSA was willful or merely negligent, and in all likelihood this is a determination that will have to me made by the trier of fact.

**C.     McGough's Affidavit must be Disregarded or the Court must Consider the Defendant's Motion a Motion for Summary Judgment and Allow Bockler a Reasonable Opportunity to Present all Material Pertinent to the Motion.**

Although Defendant asserts that it is filing a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant submits the Affidavit of Richard J. McGough in support of its Motion. Normally, in deciding a motion to dismiss, the Court may not consider matters outside the pleadings, like affidavits and other materials. *See* Fed.R.Civ.P. 12(b). If the Court elects to consider the Affidavit of Richard J. McGough, the Defendant's Motion must be treated as a motion for summary judgment under Rule 56. Fed.R.Civ.P. 12(d). Pursuant to Rule 12(d), "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Furthermore, Rule 56(c) contemplates granting a motion for summary judgment only where the "pleadings, **the discovery and disclosure materials on file**, and any affidavits show that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c) (Emphasis added). Here, Defendant attempts to circumvent the discovery process and obtain summary judgment prior to any discovery or disclosures by the parties.

As set forth previously, there is no reason for the Court to consider McGough's Affidavit at this time. McGough's Affidavit attempts to prove that Bockler's Complaint would be time-barred if the two year statute of limitations applied. However, this argument is premature as the Court cannot at this time make a determination as to which statute of limitations will govern this case. Accordingly, the McGough Affidavit should simply be disregarded and the Defendant's Motion to Dismiss should be denied. Alternatively, the Court should notify the parties that it will treat Defendant's Motion to

Dismiss as a motion for summary judgment and establish discovery and briefing deadlines sufficient to allow Bockler to conduct discovery and supply the Court with all pertinent materials relevant to the motion.[2]

## V. CONCLUSION

For the aforementioned reasons, Plaintiff, Steven Bockler, respectfully requests that Defendant's Motion to Dismiss be Denied.

Respectfully submitted,

s/ Dane A. Mize
Dane A. Mize, #23072-49
Attorney for Plaintiff, Steven Bockler

---

[2] The fact that Bockler has not attached an affidavit to this Response should not be read to mean that Bockler has no facts to support his allegation that the Defendant acted willfully. Defendant filed a Motion to Dismiss pursuant to Rule 12(b)(6) and as such the Court's ruling should be limited to the pleadings. Bockler has not accepted Defendant's invitation to submit his own affidavit and transform Defendant's pleading into a full-blown motion for summary judgment prior to conducting any discovery whatsoever.

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served via electronic mail through the U.S. District Court Southern District of Indiana's filing system, on September 28, 2009, to the following counsel of record:

Brian G. Nuedling
bnuedling@constangy.com
CONSTANGY, BROOKS & SMITH, LLP
330 E. Kilbourn Ave.
One Plaza East, Suite 1030
Milwaukee, WI 53202

Jeffrey B. Halbert
jhalbert@silegal.com
STEWART & IRWIN, P.C.
251 E. Ohio Street, Suite 1100
Indianapolis, IN 46204

                s/      Dane A. Mize
                Dane A. Mize, #23072-49
                Attorney for Plaintiff, Steven Bockler

Dane A. Mize, Atty. No. 23072-49
dmize@skilesdetrude.com
Skiles DeTrude
150 East Market St., Suite 200
Indianapolis, IN  46204
Tel:  (317) 321-2406 / Fax: (317) 321-2414