UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STEVEN BOCKLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No. 1:09-cv-827-WTL-JMS |
| ) | |
| R.J. McGOUGH & ASSOCIATES, INC., ) | |
| ) | |
| Defendant. ) | |

### ENTRY ON DEFENDANT'S MOTION TO DISMISS

### AND PLAINTIFF'S MOTION TO AMEND

This cause is before the Court on the Defendant's Motion to Dismiss (Docket No. 13) and Plaintiff's Motion to Amend his Complaint (Docket No. 20). The motions are fully briefed and the Court, being duly advised, **DENIES** Defendant's Motion to Dismiss and deems Plaintiff's Amended Complaint **FILED** as of the date of this entry, for the reasons set forth below.

### I.  RULE 12(b)(6) STANDARD

In reviewing a Motion to Dismiss under Rule 12(b)(6), the Court must take the facts alleged in the complaint as true and draw all reasonable inferences in favor of the Plaintiff. The complaint must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and there is no need for detailed factual allegations. However, the statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Pisciotta v. Old Nat. Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)).

### II.  BACKGROUND

Steven Bockler worked for R.J. McGough & Associates, Inc. ("McGough"), as a field

investigator. Throughout his employment, Bockler regularly worked more than forty hours per week. The Fair Labor Standards Act ("FLSA") requires that employers compensate non-exempt employees who work more than forty hours per week "at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1) (2006). McGough misclassified Bockler as an exempt employee and did not pay Bockler time and a half for the overtime hours that he worked. Bockler alleges that McGough "knowingly, willfully, or with reckless disregard, carried out its illegal pattern or practice of failing to pay at least one and one-half times the regular rate of pay for all overtime hours with respect to [Bockler]." Amended Compl. ¶ 25. Accordingly, Bockler brings this suit under 29 U.S.C. § 207(a)(1).

### III.  DISCUSSION

Bockler recently filed a Motion to Amend his Complaint. Federal Rule of Civil Procedure 15(a) provides that "[a] party may amend its pleading once as a matter of course before being served with a responsive pleading." Fed. R. Civ. P. 15(a)(1)(A). Bockler has not previously amended his Complaint. Further, McGough has not filed an answer to Bockler's Complaint. Thus, pursuant to Rule 15(a), Bockler may amend his Complaint as a matter of right. Accordingly Bockler's Amended Complaint is deemed **FILED** as of the date of this entry. Because the Amended Complaint does not affect the substance of McGough's Motion to Dismiss, the Court shall treat McGough's outstanding motion as one to dismiss the Amended Complaint.

The Court notes that McGough filed its Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). In general, the Court's analysis of a Rule 12(b)(6) motion is confined to the pleadings. Appending additional materials to a Rule 12(b)(6) motion may convert the Motion to Dismiss into a Motion for Summary Judgment. *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."). In the instant case, McGough

attached the affidavit of Richard J. McGough to the Motion to Dismiss. Because the Court has construed the Defendant's motion as a Motion to Dismiss under Rule 12(b)(6), the Court has not considered the McGough Affidavit.

The gravamen of McGough's Motion to Dismiss is that Bockler's FLSA claim is time-barred. The relevant statute of limitations states:

> Any action commenced on or after May 14, 1947, to enforce any cause of action for . . . unpaid overtime compensation . . . may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued.

29 U.S.C. § 255(a) (2006). Thus, the statute of limitations for ordinary FLSA violations is two years. For willful violations of the FLSA, the statute of limitations is enlarged to three years. As the Supreme Court noted in *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 132 (1988), "[t]he fact that Congress did not simply extend the limitations period to three years, but instead adopted a two-tiered statute of limitations, makes it obvious that Congress intended to draw a significant distinction between ordinary violations and willful violations."

In the instant case it is undisputed that Bockler missed the two-year deadline for filing an ordinary FLSA violation. However, Bockler's Amended Complaint alleges that McGough <u>willfully</u> violated the FLSA, which adds one year to the statute of limitations and makes Bockler's claim timely. McGough's Motion to Dismiss alleges that Bockler "has failed to satisfy his burden for pleading a viable claim," Def. Br. at 2, because he fails to provide "even inferential allegations as to how McGough's conduct could be construed as 'willful.'" *Id.* at 8.

Federal Rule of Civil Procedure 9(b) allows "[m]alice, intent, knowledge, and other conditions of a person's mind" to be alleged generally. Accordingly, to survive a motion to dismiss, Bockler's Amended Complaint must give McGough "fair notice of what the . . . claim is and the grounds upon which it rests." *Pisciotta*, 499 F.3d at 633 (7th Cir. 2007). Furthermore, the "[f]actual

allegations must be enough to raise a right to relief above the speculative level." *Id*. (citation omitted). Bockler has informed McGough what the claim is and the grounds upon which it rests. The Amended Complaint clearly alleges that "Defendant knowingly, willfully, or with reckless disregard, carried out its illegal pattern or practice of failing to pay at least one and one-half times the regular rate of pay for all overtime hours with respect to Plaintiff . . . ." Amended Compl. ¶ 25. Although McGough may dispute these allegations, as this is Defendant's Motion to Dismiss, all reasonable inferences are drawn in Bockler's favor. Bockler has plead enough facts to satisfy Rule 9(b). Accordingly, McGough's Motion to Dismiss is **DENIED**.

## CONCLUSION

For the reasons stated herein, the Defendant's Motion to Dismiss (Docket No. 13) is **DENIED**. Plaintiff's Amended Complaint (Docket No. 20) is **FILED** as of the date of this entry.

SO ORDERED: 12/03/2009

_____
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to:

Jeffrey B. Halbert
Stewart & Irwin P.C.
jhalbert@silegal.com

Dane Andrew Mize
Skiles Detrude
dmize@skilesdetrude.com

Brian G. Nuedling
Constangy Brooks & Smith, LLP
bnuedling@constangy.com